# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:06-CV-904-CDP |
| ) | |
| ST. LOUIS COUNTY, ROY MUELLER, ) | |
| UNKNOWN COURT CLERK, ) | |
| ROBERT S. ADLER, JESS W. ULLOM ) | |
| and BARRY KING, ) | |
| ) | |
| Respondents. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon petitioner Michael West's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

### The petition

Petitioner, formerly incarcerated at the St. Louis County Jail and currently released on personal recognizance bond, has filed this action under 28 U.S.C. § 2254 against respondents St. Louis County, Roy Mueller (director, St. Louis County Jail), Unknown Court Clerk, Robert S. Adler (judge), Jess W. Ullom (judge) and Barry King (prosecutor). Petitioner alleges misconduct by respondent court clerk, judicial abuse or misconduct by respondents Adler and Ullom, prosecutorial misconduct by respondent King and prisoner abuse by respondent Mueller. Petitioner seeks release, and declaratory and injunctive relief.

### Discussion

**A.    Conditions of confinement**

---

[1]The Court's records reflect that petitioner paid the $5.00 filing fee to initiate a habeas corpus action on June 9, 2006.

Construed liberally, the petition alleges that respondent Mueller was, *inter alia*, deliberately indifferent to medical needs, failed to provide access to law library materials and failed to provide items necessary for proper hygiene. Habeas corpus is an appropriate method for a prisoner to challenge unconstitutional actions of prison officials. *Willis v. Ciccone*, 506 F.2d 1011 1014 (8th Cir. 1974). In considering such a challenge, the Eighth Circuit decided that this meant two things, ". . . (1) that habeas corpus is limited to claims involving the deprivation of substantial rights, . . . and (2) that even where such claims are present, it is available, except in the most unusual circumstances, only after administrative procedures which provide a real possibility for relief have been exhausted." *Willis*, 506 F.2d at 1014-15. The conditions described by petitioner may implicate substantial rights; however, petitioner has failed to allege that he has exhausted administrative procedures, and no unusual circumstances appear to be present.[2] Accordingly, the Court will give petitioner the opportunity to amend his complaint, as set forth below, to demonstrate that he has met the exhaustion requirement. *See Carter v. Bickhaus*, 142 Fed. Appx. 937, 938 (8th Cir. 2005) (unpublished) (citing *Rhines v. Weber*, 125 S.Ct. 1528, 1533-35 (2005).

### B. The proper respondent

Petitioner states that he is released on personal recognizance. The fundamental purpose of a § 2254 habeas petition is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827 (1973) The "custody" requirement is satisfied by

---

[2]The Court notes that if petitioner utilized 42 U.S.C. § 1983 to challenge the conditions of his confinement, the very nature of the suit and the rules governing its procedure remove it from any judicial requirement of exhaustion. *Willis*, 506 F.2d at 1015 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973)).

a petitioner released on personal recognizance. *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571 (1973). However, petitioner has not named the proper respondent, that is, ". . . the probation or parole officer responsible for supervising [him], and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate," . . . or, if he is in custody in a different manner, the state attorney general. Advisory Committee Note to Rule 2(b), Rules Governing § 2254 Cases; *see Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 494-95, 93 S.Ct. 1123 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.").

Because petitioner is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended petition. Petitioner is reminded that his amended petition will take the place of his previous petition and will be the only petition which this Court reviews. Consistent with the Court's Order, petitioner must name the proper respondent or respondents and demonstrate that he has met the exhaustion requirement regarding his conditions of confinement claims.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition.

**IT IS FURTHER ORDERED** that petitioner shall file an amended petition within thirty (30) days from the date of this Order using the court-provided form for filing a petition under 28 U.S.C. § 2254.[3] In the amended petition, petitioner shall set out the name

---

[3] The Court will order the Clerk to provide petitioner with the proper form.

of the proper respondent or respondents in the caption of the petition. Petitioner shall set out with specificity each ground on which he requests action by the Court. Petitioner is warned that, if he fails to set forth all the grounds in this petition, he may be barred from presenting additional grounds at a later date. If petitioner needs additional space to set out each ground, he must attach an additional sheet(s) to the petition and clearly identify such as part of his petition.

**IT IS FURTHER ORDERED** that the Clerk shall forward to petitioner, with a copy of this Order, the court-provided form for filing "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody."

**IT IS FURTHER ORDERED** that petitioner's failure to amend his petition in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that, upon the filing of an amended petition, the Clerk shall resubmit this action to the Court for review.

Dated this 24th day of July, 2006.

                                                  **UNITED STATES DISTRICT JUDGE**