UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL WEST,                          )
                                       )
                Petitioner,            )
                                       )
        v.                             )    No.  4:06CV904 CDP
                                       )                (FRB)
ROY MUELLER, et al.,                   )
                                       )
                Respondents.           )

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

        This matter is before the Court on petitioner Michael

West's pro se petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.   All pretrial matters were referred to the

undersigned United States Magistrate Judge pursuant to 28 U.S.C. §

636(b) for appropriate disposition.   Presently pending before the

Court are respondents' Motions to Dismiss for Lack of Jurisdiction

and various motions of the petitioner seeking sanctions and

disciplinary action against respondents and their counsel.

        Petitioner Michael West, formerly incarcerated at the St.

Louis County Jail and currently released on a personal recognizance

bond, brings this habeas corpus action in which he seeks release

from custody, declaratory judgment that respondents' actions are/

were unconstitutional, and injunctive relief enjoining respondents

from continuing to engage in unlawful conduct.   The substance of

petitioner's claims supporting his petition are set out in his

"Application for Habeas Corpus Relief," docketed by the Clerk as

"Motion for Hearing" (filed June 9, 2006/Docket No. 2). A reading of petitioner's petition (Docket No. 1) and his application (Docket No. 2) shows petitioner to have identified the dates of the alleged unlawful occurrences, the nature of the offenses with which he was charged, and his attempts to exhaust his claims through the Missouri state courts. Petitioner further identifies various conditions of confinement he endured prior to his release which he alleges are/were unconstitutional.

Because of petitioner's inclusion of conditions of confinement claims as well as his naming of multiple parties as "respondents," such as the court clerk, municipal judges and a prosecuting attorney, the Honorable Catherine D. Perry ordered petitioner to file an amended petition so that specific claims for relief could be delineated as well as to what extent such claims were exhausted, and so that the proper party respondents could be identified. (See Order & Memo., filed July 24, 2006/Docket No. 3.) Petitioner responded to this Order, after which Judge Perry entered a Case Management Order and ordered respondents to show cause why the claims raised in petitioner's petition should not be granted.[1] (See Case Mgt. Order, filed Oct. 24, 2006/Docket No. 5.) A review of the Court file shows that the Office of the Missouri Attorney General was not served a copy of this Case Management Order. As

---

[1]In this Case Management Order, Judge Perry referred the matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) to conduct all further pretrial proceedings.

such, the Missouri Attorney General did not timely respond to the Court's order to show cause on behalf of the respondents.

Thereafter, on the Court's own motion, the undersigned reviewed the status of the proceedings. Based upon a review of the petition, the application in support of the petition, petitioner's response to Judge Perry's Order, and the nature of petitioner's habeas claims raised throughout, the Court identified the proper party respondents and ordered such respondents to show cause why petitioner's claims should not be granted. (See Order & Memo., filed Dec. 19, 2006/Docket No. 8; Amended Case Management Order, filed Dec. 19, 2006/Docket No. 9.) The Court further ordered the Clerk of Court to serve a copy of the orders, as well as a complete copy of the Court file, to the Office of the Missouri Attorney General. A review of the Court file shows the Clerk to have complied with this directive. Thereafter, respondents timely responded to this Court's order to show cause by filing Motions to Dismiss, arguing that this Court lacks jurisdiction over the habeas petition inasmuch as petitioner was not in custody at the time of its filing nor is currently in custody. Respondents further argue that jurisdiction is lacking given petitioner's failure to establish the fact of his conviction and resulting detention.

Federal courts have jurisdiction to grant writs of habeas corpus to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). A

petitioner must satisfy the "in custody" requirement as a prerequisite to habeas corpus jurisdiction. A petitioner need not show actual, physical custody to obtain relief. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Leonard v. Nix, 55 F.3d 370, 372 (8th Cir. 1995). A petitioner is in custody for purposes of the statute if he is subject to severe restraints on his individual liberty. Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, Cal., 411 U.S. 345, 351 (1973). A restraint is severe when it is "not shared by the public generally." Jones v. Cunningham, 371 U.S. 236, 240 (1963). A state defendant released on bail or on his own recognizance (OR) pending trial or pending appeal may meet the "in custody" requirement. Hensley, 411 U.S. at 349, 353.

A liberal construction of the instant pro se petition shows that at the time he filed the petition, petitioner had just been released from physical custody on a personal recognizance bond on charges arising out of St. Louis County, Missouri, including municipal charges. Although respondents argue that petitioner was not "in custody," nothing before the Court demonstrates that petitioner's pretrial release on OR bond did not result in restraints upon petitioner which are not shared by the public generally. Cf. Hensley, 411 U.S. at 351 (petitioner released on OR bond subject to restraints not shared by public generally, such as obligation to appear at all times and places as ordered, cannot

come and go as he pleases, freedom of movement rests in hands of
state judicial officers who may demand presence at any time and
without notice, criminal offense if terms of bond disobeyed);
Justices of Boston Mun. Court v. Lydon, 466 U.S. 294, 301 (1984)
(pretrial release on bond imposed obligation to appear for trial or
to face criminal offense for failure to appear, to not depart
without prior permission, and to keep the peace and be of good
behavior); Dry v. CFR Court of Indian Offenses for the Choctaw
Nation, 168 F.3d 1207, 1208 (10th Cir. 1999) (obligation to appear
for trial at court's discretion sufficient to satisfy "in custody"
requirement), and cases cited therein.  Accordingly, on the
information presently before the Court, it cannot be said that
petitioner was not in custody at the time he filed the instant
petition for writ of habeas corpus and respondents' motions to
dismiss for lack of subject matter jurisdiction on this basis
should be denied.

Respondents also argue that this Court lacks jurisdiction
over the cause inasmuch as petitioner has failed to establish the
fact of his conviction and resulting detention.  If a state
defendant can be considered "in custody" for purposes of the
federal habeas statute on the basis of his release on bond prior to
trial, it follows that a conviction and resulting detention is not
absolutely required for federal habeas jurisdiction to attach in
these circumstances.  E.g., Lydon, 466 U.S. at 302-03 (double

jeopardy claim), and n.2 (circumstances not limited to only double jeopardy questions); <u>Dry</u>, 168 F.3d 1207 (pretrial challenge to tribal court's jurisdiction); <u>Palmer v. Clarke</u>, 961 F.2d 771 (8th Cir. 1992) (double jeopardy claim); <u>Kolski v. Watkins</u>, 544 F.2d 762 (5th Cir. 1977) (pretrial challenge to constitutionality of ordinance under which petitioner was being prosecuted; abstention doctrine applied).

In this case, petitioner is not challenging the constitutionality of any conviction or sentence, which generally forms the basis of claims for federal habeas relief under § 2254. Instead, the petitioner here appears to be proceeding under 28 U.S.C. § 2241 by challenging pending criminal charges for which he is in custody by virtue of his OR bond, arguing that the manner by which such charges were brought was unconstitutional and thereby resulted in his unconstitutional arrest and continued unlawful restraint. On the information before the Court, it cannot be said that this Court lacks subject matter jurisdiction over such claims. Habeas petitioners raising pretrial challenges must be mindful, however, that the exercise of jurisdiction in cases such as this "does not open the doors of the district courts to the habeas corpus petitions of all persons released on bail or on their own recognizance." <u>Hensley</u>, 411 U.S. at 353. "Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the

exhaustion doctrine if he seeks habeas corpus relief in the federal courts." <u>Id.</u>

Accordingly, upon careful consideration of the matter, the undersigned determines that respondents should be ordered to respond to the claims raised by petitioner in his petition and application for habeas corpus relief (Docket Nos. 1 and 2), with such response to include all possible defenses to the claims which may include, but not be limited to, exhaustion, abstention, cognizability, and/or substantive consideration of the merits. <u>See</u> Rules 1(b) & 4, Rules Governing Section 2254 Cases in the United States District Courts.

Inasmuch as a review of the record, as set out above, shows respondents not to have engaged in any misconduct by their failure to timely respond to the Court's original Case Management Order nor to have acted in bad faith in seeking dismissal of the instant petition, petitioner's Renewed Motion for Sanctions and Motion for Disciplinary Action should be denied. Petitioner's Request for Timely Court Ruling, in which he seeks immediate relief on his request for disciplinary action, should likewise be denied.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's Renewed Motion for Sanctions (Docket No. 10), Motion for Disciplinary Action (Docket No. 15), and Request for Timely Court Ruling and Show Cause Order (Docket No. 16) are denied.

**IT IS HEREBY RECOMMENDED** that respondents' Motions to Dismiss for Lack of Jurisdiction (Docket Nos. 12, 13) be denied.

**IT IS FURTHER RECOMMENDED** that respondents be ordered to respond to the claims raised by petitioner in his petition and application for habeas corpus relief (Docket Nos. 1 and 2), with such response to include all possible defenses to the claims, which may include, but not be limited to, exhaustion, abstention, cognizability, and/or substantive consideration of the merits.

The parties are advised that any written objections to these orders and determinations shall be filed not later than **March 5, 2007.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).


_____
UNITED STATES MAGISTRATE JUDGE



Dated this  _21st_  day of February, 2007.