UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:06CV904 CDP |
| ) | |
| ROY MUELLER, et al., ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the petition of Michael West for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b), the habeas petition was referred to United States Magistrate Judge Frederick R. Buckles to make proposed findings of fact and recommendations for the disposition. On February 21, 2007, Judge Buckles filed a Report and Recommendation, which recommends that I deny petitioner's renewed motion for sanctions, motion for disciplinary action, and request for timely court ruling and show cause order and that I also deny respondents' motion to dismiss for lack of jurisdiction and order respondents to respond with all possible defenses to the claims raised by petitioner. Both parties timely filed objections to Judge Buckles's report. I have conducted a de novo review of all matters relevant to these motions. After careful consideration, I will

adopt and sustain the thorough reasoning of Judge Buckles.

I find that respondents have not engaged in any misconduct by their failure to timely respond to the Court's original case management order and that they have not acted in bad faith in seeking dismissal of the petition or in objecting to Judge Buckles's report.  Therefore, I will deny West's renewed motion for sanctions, motion for disciplinary action, and request for timely court ruling.

Additionally, Judge Buckles properly analyzed respondents' arguments as made in their motion to dismiss and respondents have not presented enough evidence in their objections to established that West's petition should be dismissed as moot.  Respondents incorrectly rely on the fact that West is no longer "in custody" to support their mootness argument.  Respondents admit that West was "in custody" at the time the petition was filed, and this is all that is required to meet the "in custody" requirement for jurisdiction in habeas cases.  See Spencer v. Kemna, 523 U.S. 1, 118 (1998).  Therefore, all of the cases cited by respondents regarding the "in custody" requirement are irrelevant.

Instead, the real issue is whether West's petition is moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution.  Id. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a

personal stake in the outcome of the lawsuit." Id. (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990)).  In order to meet this requirement, West "must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id.

Respondents contend that West cannot meet this requirement because he has pled guilty to the underlying charges and because he is no longer in custody as all he has to do is pay a fine.  Respondents have submitted a document that establishes that West is no longer released on bond and that he was found guilty of the underlying charges.  The document does not establish that West pled guilty.  No evidence has been presented that would support a finding that West pled guilty to the underlying charges.

A guilty plea would generally foreclose any claims relating to a deprivation of constitutional rights that occurred before the entry of the guilty plea because a plea represents a break in the chain of events which has preceded it in the criminal process.  Tollett v. Henderson, 411 U.S. 258, 267 (1973); U.S. v. Morgan, 230 F.3d 1067, 1071 (8th Cir. 2000).  But, respondents have failed to present any evidence of a guilty plea.  The document submitted by respondents only indicates that the court found the defendant guilty on October 19, 2006.  As a result, I am unable to determine whether West pled guilty or was found guilty as a result of a

trial. Accordingly, I cannot determine that his claims are foreclosed by a guilty plea.

Respondents also rely upon the fact that West is no longer "in custody" to establish that his claims are moot. Even when a habeas petitioner is no longer in custody, his claims will not be rendered moot if he has suffered "collateral consequences" of the constitutional violation complained of in his petition. See Spencer, 523 U.S. at 982-83. While West's petition might ultimately be dismissed as moot, I will order respondents to respond to West's petition with all of their defenses as recommended by Judge Buckles.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Frederick R. Buckles [#17] is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petitioner's renewed motion for sanctions [#10], motion for disciplinary action [#15], and request for timely court ruling and show cause order [#16] are denied.

**IT IS FURTHER ORDERED** that respondents' motions to dismiss for lack of jurisdiction [#12 and #13] are denied.

**IT IS FURTHER ORDERED** that respondents must respond to the claims raised by petitioner in his petition and application for habeas corpus relief [#1 and #2], with such response to include all possible defenses to the claims, which may include, but not be limited to, exhaustion, abstention, cognizability, and/or substantive consideration of the merits.

_____
CATHERINE D PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of April, 2007.