UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL WEST,                )
                             )
        Petitioner,           )
                             )
    v.                        )   No.  4:06CV904 CDP
                             )               (FRB)
ROY MUELLER, et al.,         )
                             )
        Respondents.          )

**ORDER**

Presently pending before the Court is petitioner Michael West's Motion for Leave of Court for Rule 5 Compliance Order (filed May 22, 2007/Docket No. 29). All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

In this habeas corpus action, petitioner Michael West challenges the circumstances surrounding charges brought against him in the St. Louis County Municipal Court for violations of municipal ordinances. In the instant motion, petitioner requests this Court to compel respondents to provide various records from the underlying municipal proceedings, arguing that the materials already submitted by the respondents are not credible to establish that petitioner received a trial and/or pled guilty on the underlying charges. Petitioner also requests that he be granted additional time upon receipt of these additional records to file a Traverse to respondents' response to the Court's order to show

cause.

The record submitted by the respondents in response to petitioner's various habeas claims includes the St. Louis County Municipal Court's docket sheet which shows, inter alia, that on October 19, 2006, petitioner was found guilty by the court of violating municipal ordinance 701.110 -- Interference with an Officer, and three related counts of Failure to Appear. (Docket No. 27/Resp. Exh. 1.) The docket sheet also reflects that on March 16, 2007, petitioner pled guilty in municipal court to an additional count of Failure to Appear. (Id.) Although petitioner contends in the instant motion that no such adjudications occurred, he admits in his "Statement of Undisputed Facts" (Docket No. 28) to a "hearing process" before the court on October 19, 2006, where he alleges no evidence was adduced and that the prosecution presented false and perjured evidence. (Docket No. 28 at p.4.) Petitioner also contends in his "Statement of Undisputed Facts" that respondents' averment that petitioner pled guilty on March 16, 2007, was untrue as demonstrated by the lack of "court materials filed in this case that reflect that petitioner pled guilty to failing to appear for a conviction that carries a sentence of fine *only*[.]" (Id.) (Emphasis in original.)

In the absence of reliable evidence to the contrary, a court clerk's docket entries are presumed to be accurate. Arnold v. Wood, 238 F.3d 992, 995-96 (8th Cir. 2001) (citing MacNeil v.

State Realty Co. of Boston, Inc., 229 F.2d 358, 3359 (1st Cir. 1956) (appellant's affidavit, standing alone, insufficient to overcome presumption); Arkansas Motor Coaches, Ltd., Inc. v. Commissioner of Internal Revenue, 198 F.2d 189, 191 (8th Cir. 1952) (presumption of accuracy in docket entries may be rebutted only by a stronger presumption)); see also Jones v. Attorney General of the United States, 278 F.2d 699, 701 (8th Cir. 1960) (habeas court may take judicial notice of clerk's record in underlying action). Petitioner's bare assertion here that the court clerk's docket entries are inaccurate is insufficient to overcome the presumption of their correctness. As such, contrary to petitioner's argument, the records submitted by the respondents, including the clerk's docket entries, are sufficient to determine petitioner's petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Michael West's Motion for Leave of Court for Rule 5 Compliance Order (Docket No. 29) is denied.

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  _22nd_  day of August, 2007.