UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL WEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV904 CDP |
| | ) | |
| ROY MUELLER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on the petition of Michael West for a writ of habeas corpus under 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Frederick R. Buckles for a report and recommendation on all dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1). On August 22, 2007, Judge Buckles filed his recommendation that the petition of Mr. West for a writ of habeas corpus be denied. After I granted him an extension of time, petitioner filed his objections to Judge Buckles's report and recommendation on September 6, 2007. West has also filed a motion to amend his complaint.

I have conducted de novo review of all issues in this case, and have reviewed the record, evidence, and all arguments raised by the parties. In doing so, I need not "consider legal arguments and/or evidentiary material which could have been, but were not, presented to the magistrate judge." Robinson v. Keane , 1999 WL 459811,

at * 4 (S.D.N.Y June 29, 1999). The Eighth Circuit disfavors a district court considering arguments and evidence not raised before the magistrate judge because "the purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial judge." Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000) (internal quotation omitted). After careful consideration, I will adopt and sustain the thorough reasoning of Judge Buckles set forth in support of his Report and Recommendation of August 22, 2007.

West's objections are nearly incomprehensible, but I have reviewed them completely and find that they have no merit. The vast majority of West's objections are actually arguments about the merits of his claims rather than arguments about whether his claims are moot or procedurally defaulted. He argues that Judge Buckles was incorrect in ruling that West's challenges to the conditions of his pretrial confinement are noncognizable. He also claims that Judge Buckles erroneously assumed that his claims were moot and procedurally defaulted. This is not correct; Judge Buckles engaged in a careful legal analysis of respondents' arguments. West failed to show that his claims are not moot and that he has not procedurally defaulted his claims. West was on notice that the defendant continued to argue that West's claims were moot and procedurally defaulted because these

specific arguments were raised in respondents' brief and respondents submitted additional evidence in support of these arguments. Still, West's traverse does not address any of these arguments at all.

In his objections, petitioner now argues that because his conditions of confinement claims meet the redressable and concrete injury requirement of Article III, his claims are cognizable as a claim for habeas corpus. As Judge Buckles noted, petitioner's conditions of confinement claims do not challenge or affect the fact or length of his confinement. Therefore, his conditions of confinement claims should be brought under 42 U.S.C. § 1983, not as habeas corpus claims. See Khaimov v. Crist, 297 F.3d 783, 786 (8th Cir. 2002).

He also now argues that his claims are not moot, asserting that the challenged action is capable of repetition, yet evades review. He did not raise this argument before Judge Buckles so I need not address this argument here. Regardless, this argument fails because that exception to the mootness doctrine applies when "the challenged action is too short to be fully litigated before its cessation, and when there is a reasonable expectation or a demonstrated probability that the same complaining party will be subject to the same action in the future." Edgar v. MITE Corp., 457 U.S. 624, 662 (1982). This doctrine "applies only in exceptional situations." Spencer v. Kemna, 523 U.S. 1, 18 (1998). West bears the burden of showing that

there is a "reasonable likelihood" that he will again be, as he states, arbitrarily arrested. West has presented no evidence that would support such a finding. As a result, this exception to the mootness doctrine does not apply.

Additionally, West apparently argues in his objections that the mootness doctrine does not apply because his complaint contains allegations that the state knowingly used false or perjured evidence. Again, I need not address this argument because it was not raised before Judge Buckles. Still, I will reject this argument because none of the cases cited by West in support of this argument involve situations where the petitioner's claims were arguably moot. See e.g. Mooney v. Holohan, 294 U.S. 103 (1935) (petitioner committed pursuant to a conviction of murder); Giglio v. U.S., 405 U.S. 150 (1972) (petitioner convicted of passing forged money orders and sentenced to five years' imprisonment); Banks v. Dretke, 540 U.S. 668 (2004) (petitioner convicted of murder and sentenced to death); Napue v. Illinois, 360 U.S. 264 (1959) (petitioner convicted of murder and sentenced to 199 years in prison). In this case, West was convicted of a municipal violation and the docket sheet indicates that West's sentence, fines, and costs have been satisfied by his time served.

West argues that collateral consequences may be found in that the charges might adversely affect his application and acceptance to law school. This argument

was not raised before Judge Buckles. Therefore, I will not address this argument here. Aside from this new argument, West has not presented any evidence of collateral consequences that might exist as a result of his conviction. I agree with Judge Buckles in his conclusion that collateral consequences are not presumed to attach to a petitioner's conviction on municipal ordinance violations.

West relies extensively on my previous memorandum and order dated April 9, 2007, in which I ordered respondents to respond to the claims raised in West's petition. Since that order, respondents have submitted additional evidence, including an updated version of the docket sheet from West's municipal case showing that West plead guilty to a count of failure to appear on March 16, 2007.[1] Judge Buckles properly found that West's challenge to the docket is insufficient to overcome the presumption that the entries are accurate. See Arnold v. Wood, 238 F.3d 992, 995-96 (8th Cir. 2001). Considering that a sworn affidavit standing alone is insufficient to overcome the presumption of accuracy of a docket sheet, West's unsworn allegations in his petition and other documents certainly do not rebut the presumption of accuracy. See id.

West further argues that Judge Buckles erroneously found that his claims were procedurally defaulted. In support of this argument, West notes that Judge Buckles

---

[1] The previous docket sheet that respondents had submitted was created on February 26, 2007 and submitted on March 2, 2007.

did not address a document that he had earlier filed. West did not refer to this document in his traverse. The document purports to be a motion to vacate the municipal court judgment under rule 37, but is completely unauthenticated. It is not file stamped nor has petitioner provided an affidavit concerning its authenticity. The state court docket sheet does not contain an entry to reflect the filing of this document. Therefore, Judge Buckles was entitled to ignore that document in reaching his decision.

Petitioner's motion for leave to file an amended complaint also alleges that he filed another motion under Rule 37 on February 13, 2007, but this argument was not presented to Judge Buckles, and is not authenticated by any record or affidavit. Therefore, I will not consider this allegation.

Regardless, filing the Rule 37 motion alone would not be sufficient to exhaust his state remedies. Municipal appeals taken under Rule 37 are governed by the Missouri rules of criminal procedure. State ex rel. Estill v. Iannone, 687 S.W.2d 172, 173-74 (Mo. 1985). If West timely appealed his municipal conviction under Rule 37, he would have been entitled to a trial de novo before a circuit or associate circuit judge. Mo. Rev. Stat. § 479.200.2. After such a trial, West would be entitled to appeal that trial to the appropriate appellate court. See Mo. Rev. Stat. § 479.200.3. Although West alleges to have requested a de novo trial, allegations of such a request

are not enough to show that he has not procedurally defaulted his claims.

West's evidence that he previously filed a state habeas action and appealed that decision to the Missouri Supreme Court also does not meet the exhaustion requirement. As Judge Buckles noted, a claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). Therefore, if West did not properly appeal his initial conviction, he did not present his claim at each stage of the judicial process.

Finally, West has moved for leave to file an amended complaint. He does not attach his proposed amended complaint as required by the local rules. Further, this motion to amend comes after Judge Buckles had issued his report and recommendations and after West had filed his objections to Judge Buckles report. I will deny this motion. Although leave to amend shall be freely given under Fed. R. Civ. P. 15(a), I may deny leave to amend based on undue delay, bad faith, dilatory motives, undue prejudice, and futility of amendment. West has unduly delayed in moving for leave to amend. Because he did not provide me with a copy of the proposed amended complaint, I will assume that his desired amendment includes only those things referenced in his motion for leave to amend. All of this information was available to West by, at the very latest, February 13, 2007, yet he did not seek leave to amend for more than seven months until after Judge Buckles

had issued his report and recommendations and after West had filed his objections to the report and recommendations.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge [# 34] be adopted in its entirety, and the petition of Michael West for a writ of habeas corpus be denied.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file an amended complaint [#43] is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability will be issued, as none of the grounds raised present issues on which reasonable jurists could differ.

A separate judgment will be entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of December, 2007.